Jon G. Shadinger Jr, Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
717 E. Elmer St.
Vineland, NJ 08360
(609) 319-5399 - Tel
(314) 898-0458 - Fax
js@shadingerlaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| RONALD MOORE, an Individual, | : |
| & | : |
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, | : |
| Plaintiffs, | : Case No. 3:21-cv-10601 |
| vs. | : |
| RICCIARDI REALTY COMPANY, a New Jersey Profit Corporation, | : |
| Defendant. | : |

## COMPLAINT

Plaintiffs, RONALD MOORE, an individual, and THE INDEPENDENCE PROJECT, INC., a New Jersey Non-Profit Corporation, on their behalf and on behalf of all other mobility impaired individuals similarly situated ("Plaintiff" or "Plaintiffs"), hereby sue the Defendant, RICCIARDI REALTY COMPANY, a New Jersey Profit Corporation ("Defendant"), for injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 ("NJLAD").

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1. Plaintiff, RONALD MOORE, is an individual residing at 1002 Central Ave, New Providence, New Jersey 07974, Union County.

2. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation formed under the laws of the State of New Jersey.  THE INDEPENDENCE PROJECT, INC. maintains is principal office at 1002 Central Ave, New Providence, New Jersey 07947, Union County.

3. Defendant, RICCIARDI REALTY COMPANY, holds title to and/or operates a business upon the property alleged by the Plaintiffs to be in violation of Title III of the ADA.

4. Defendant's property is a shopping center/plaza located at 616 Newman Springs Road, Lincroft, New Jersey 07738, Monmouth County ("Subject Property"). For further reference, the property is also known as Block 1072, Lot 37.01 on the Municipal Tax Map of Middletown Twp., in the County of Monmouth.

5. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

7. Plaintiff, RONALD MOORE is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Moore is a quadriplegic as the result of a spinal cord injury and uses a motorized wheelchair for mobility.

8. Mr. Moore has visited the Subject Property that forms the basis of this lawsuit on multiple occasions, with his last visit occurring in April 2020, and he plans to return to the Subject Property in the near future to avail himself of the goods and services offered to the public at the property.

9. Plaintiff, RONALD MOORE, has encountered repeated exposure to architectural barriers and otherwise harmful conditions at the Subject Property.  This repeated exposure to architectural barriers and otherwise harmful conditions has limited his access to the property and endangered his safety.  The plaintiff is also a member of the plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 10.

10. Plaintiff, THE INDEPENDENCE PROJECT, INC. is a non-profit New Jersey corporation.  Members of this organization include individuals with disabilities as defined by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

11. THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of Defendant's discrimination until Defendant's have been compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against due to its association with its disabled members and their claims.

12. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public

accommodation that the Defendant owns, operates, leases or leases to is the shopping center/plaza located at 616 Newman Springs Road, Lincroft, New Jersey 0773.

13.     THE INDEPENDENCE PROJECT, INC. and RONALD MOORE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

14.     Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. RONALD MOORE desires to visit the Subject Property, not only to avail himself of the goods and services available at the property but to assure himself that this property is fully compliant with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination or repeated exposure to architectural barriers and other harmful conditions.

15.     The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

16.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Defendant's property has shown that violations of the ADA exist. The following are architectural barriers and violations of the ADA that RONALD MOORE has personally encountered during his visits to the Subject Property:

**Parking and Exterior Accessible Route**

      a.      Parking spaces provided at the Subject Property lack adequate access aisles, contain slopes beyond limits within parking spaces, and lack compliant accessible routes from accessible parking; a violation of Sections 402 and 502 of the 2010 Standards for Accessible Design.  These conditions have prevented Mr. Moore from unloading freely and safely from his van.  On certain occasions he has parked away from the shopping center to ensure he could access his van.

      b.      The Subject Property fails to provide the required amount of compliant accessible parking spaces; a violation of Section 502 of the 2010 Standards for Accessible Design. The lack of accessible parking has forced Mr. Moore to park in open areas so that he may freely and safely access his van.

      c.      Curb ramps are not provided in some areas at the Subject Property and those that are provided are unsafe for wheelchair users. The curb ramps provided to access stores contain excessive slopes, abrupt changes of level, and lack level landings; a violation of Sections 402 and 406 of the 2010 Standards for Accessible Design.  Mr. Moore is forced to deal with a lack of maneuvering clearance at the top of the curb ramp. Sloping and abrupt changes of level endanger Mr. Moore's safety as they present a tipping hazard and can cause damage to his wheelchair.

      d.      The exterior accessible route from accessible parking spaces and throughout the shopping center fails to provide a safe, accessible route; a violation of Section 402 of the 2010 Standards for Accessible Design. Mr. Moore is forced to traverse cross-slopes in order to reach the tenant spaces and travel through the traffic area of the center in order to access the curb ramps; these barriers add the danger of encountering automobiles as well as presenting a tipping hazard.

      e.      The exterior accessible route contains improper curb ramps while connecting tenants, a violation of Sections 402 and 406 of the 2010 Standards for Accessible Design. Mr. Moore is impeded by these improper curb ramps while traversing the shopping center.

      f.      The Subject Property fails to provide a safe accessible route to the adjacent street or sidewalk; a violation Section 206.2.1 of the 2010 Standards for Accessible Design.  The lack of an accessible route prevents Mr. Moore from using public transportation to access the Subject Property.

**Access to Goods and Services**

g. The Subject Property tenant spaces, specifically Attilio's Pizza, fail to provide accessible dining tables for those in wheelchairs; a violation of Section 902 of the 2010 Standards for Accessible Design. The lack of accessible tables effects Mr. Moore's ability to dine comfortably.

h. The Subject Property tenant spaces, specifically Attilio's Pizza, contain payment counters which are mounted beyond the reach of Mr. Moore and all those in wheelchairs; a violation of Sections 308 and 904 of the 2010 Standards for Accessible Design.

i. The entering/exiting of tenant spaces at the Subject Property is impeded by slopes beyond limits and/or abrupt changes of level at the base of the door; a violation of Section 404 of the 2010 Standards for Accessible Design. Abrupt changes of level can damage Mr. Moore's wheelchair while excessive sloping presents a tipping hazard.

**Restrooms**

j. Restrooms provided at Attilio's Pizza and Acme are non-compliant and are unsafe for use by Mr. Moore due to a lack of accessibility. Barriers to access include inaccessible water closets which lack proper controls and a lack of wheelchair maneuvering space; a violation of Section 601 of the 2010 Standards for Accessible Design.

k. Restrooms at Attilio's Pizza and Acme provide dispensers mounted beyond the reach of wheelchair users and are inaccessible to Mr. Moore; a violation of Section 308 of the 2010 Standards for Accessible Design.

l. Lavatories at Attilio's Pizza and Acme lack knee clearance and accessibility preventing Mr. Moore from freely accessing the lavatory; a violation of Section 606 the 2010 Standards for Accessible Design. Due to these conditions Mr. Moore is unable to safely wash his hands before exiting the restroom.

m. Attilio's Pizza and Acme provide restrooms that contain improper centerlines for the water closets and flush controls which are mounted on the wall side; a violation of Section 604 of

the 2010 Standards for Accessible Design. The foregoing conditions affect Mr. Moore's ability to access the water closet safely.

n. The using of restrooms doors at Attilio's Pizza and Acme is impeded by round door knobs, improper signage, and a lack of maneuvering clearance; a violation of Section 404 of the 2010 Standards for Accessible Design. Round door knobs, stored goods, and a lack of maneuvering space impedes Mr. Moore from accessing restroom doors.

17. Each of the foregoing violations is also a violation of the 1991 American with Disabilities Act Accessibility Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

18. The discriminatory violations described in paragraph 16 are not an exhaustive list of the Defendant's ADA violations. Plaintiffs require thorough inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access that exist. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

19. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the individual Plaintiff, the members of the plaintiff group and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20. Plaintiffs are without adequate remedy at law and are suffering irreparable harm, including bodily injury, consisting of emotional distress, mental anguish, suffering and humiliation, and other injuries. Considering the balance of hardships between the Plaintiffs and the Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

21. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure – to the maximum extent feasible – that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and

constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs and/or waived by the Defendant.

24. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs injunctive relief, including an order to require the Defendant to alter the Subject Property and make the Subject Property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Subject Property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no

    individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

### COUNT II
### VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION
*(N.J.S.A. 10:5-12)*

25.  Plaintiffs re-allege and incorporate by reference all allegations set forth in this Complaint as fully set forth herein.

26.  Defendant's facility is a place of public accommodation as defined by N.J.S.A 10:5-5, the New Jersey Law Against Discrimination.

27.  New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities, and privileges of any public place of accommodation without discrimination on the basis of disability.  This opportunity is recognized and declared to be a civil right (N.J.S.A. 10:5-4).

28.  As set forth above, Defendant has violated the New Jersey Law Against Discrimination by denying disabled individuals the full and equal enjoyment of the goods, facilities, services and accommodations available at the Subject Property.

29.  As a result of the aforementioned discrimination, repeated exposure to architectural barriers, and other harmful conditions; Plaintiff RONALD MOORE has sustained bodily injury in the form of emotional distress, mental anguish, suffering and humiliation, and other injuries, in

violation of the New Jersey Law Against Discrimination.

30. Defendant's violation of the New Jersey Law Against Discrimination has caused Mr. Moore harm and, in the absence of the injunction sought herein, the violating conduct will continue to cause him harm.

**WHEREFORE**, Plaintiff, RONALD MOORE respectfully demands judgment for damages, attorney's fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Dated: May 3, 2021

Respectfully submitted,

/s/ Jon G. Shadinger Jr.
Jon G. Shadinger Jr., Esq.
Shadinger Law, LLC
NJ Attorney ID No. 036232017
717 E. Elmer St.
Vineland, NJ 08360
(609) 319-5399 - Tel
(314) 898-0423 - Fax
js@shadingerlaw.com
*Attorney for Plaintiffs, Ronald Moore & The Independence Project, Inc.*